IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL MARTINEZ WHITE,

        Plaintiff,

vs.                                                                          CIVIL NO.   04-565 LFG/WDS

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF SANTA FE,
NEW MEXICO, ex rel. Santa Fe
County Fire Department,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## DEFENDANT'S REQUEST TO TAX COSTS

THIS MATTER is before the Court on Defendant's Cost Bill [Doc. 109], Amended Cost Bill [Doc. 110], and Second Amended Cost Bill [Doc. 113]. Plaintiff filed responses in opposition to the amended and second amended cost bills [Docs. 111 and 114]. Oral argument is not necessary. This matter may be resolved based on the parties' submissions.

### Background

Plaintiff brought an action against Defendant to redress the alleged deprivation of rights guaranteed by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, as amended by the Civil Rights Act of 1991. The parties were unable to resolve their dispute at a Fed. R. Civ. P. 16 settlement conference and, thereafter, this case proceeded to a jury trial. The jury rejected Plaintiff's claims and on, November 4, 2005, returned a Special Verdict in favor of Defendant on all of Plaintiff's claims. Defendant, as the prevailing party, now seeks to recover its taxable costs under Fed. R. Civ. P. 54(d), as well as D.N.M.LR-Civ. 54.

**Analysis**

It is undisputed that Defendant prevailed.  A prevailing defendant is one who defeats the litigation and obtains a denial of relief.  Steven Baicker-McKee, William M. Janssen & John B. Corr Federal Civil Rules Handbook 2006, p. 878 (2006).  Thus, when a jury returns a verdict in favor of defendant, which defeats all of the plaintiff's claims, the defendant is deemed the prevailing party. Power Mosfet Technologies LLC v. Siemens AG, 378 F.3d 1396, 1416 (Fed. Cir. 2004)(prevailing party is one who "wins completely on every claim at issue.")

Rule 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Accordingly, Rule 54 creates a presumption that the district court will award costs to the prevailing party.  Rodriguez v. Whiting Farms, Inc., 360 F.3d 1180, 1190 (10th Cir. 2004) (*citing* Cantrell v. Int'l Bhd. of Elec. Workers, 69 F.3d 456, 458-59 (10th Cir. 1995)).  The non-prevailing party has the burden to overcome the presumption.  Id.  Thus, the general rule is that costs typically are awarded to the prevailing party. While the trial court has discretion to deny costs to the prevailing party, "it must provide a valid reason for the denial." Id. (internal citation omitted).  For example, while a prevailing party in a civil rights action is normally entitled to the costs set forth under 28 U.S.C. § 1920, the statutory language provides the court with discretion to award or deny those costs, i.e., "[a] judge . . . *may* tax as costs the following [fees]. . . ." 28 U.S.C. § 1920 (emphasis added).  However, a court has no discretion to award items as costs that are not set out in § 1920. See Bee v. Greaves, 910 F.2d 686, 690 (10th Cir.1990).

**Types of Taxable Costs**

The types of costs that are generally taxed in favor of the prevailing party in federal litigation

are set out by statute, 28 U.S.C. § 1920; *see also* 28 U.S.C.A. §§ 1911-31 (defining cost provisions generally). These costs include:

1. Clerk of Court and U.S. Marshal fees;

2. deposition expenses when the transcript was received into evidence or was otherwise reasonably necessary for use in the case;

3. printing fees;

4. witness fees and witnesses' travel and subsistence expenses, where the witnesses' testimony was material, relevant and reasonably necessary to the case;

5. fees to exemplify documents (which may include reimbursement for many methods of illustration, including models, charts, graphs, and even computerized presentation systems), and fees to print copies of papers necessary for use in the case (which may, in appropriate circumstances, include electronic scanning and imaging);

6. docket fees; and,

7. fees for court-appointed experts and interpreters.

Just as the statute sets out those areas of costs which may be awarded, the statute prohibits a district court from awarding costs under 54(d) that are not authorized by statute or court rule. *See, e.g.*, Jones v. Unisys Corp., 54 F.3d 624, 633 (10th Cir. 1995)(costs which are not statutorily authorized must be denied).

## Costs Sought in This Case

On November 18, 2005, Defendant submitted a Cost Bill seeking a total of $5,315.04 as taxable costs [Doc. 109]. Thereafter, Defendant filed an Amended Cost Bill [Doc. 110] increasing its request to $5,375.60. On December 8, 2005, Plaintiff filed his objections to the amended cost bill. The objections included Defendant's request for reimbursement for the following:

| | |
|---|---|
| Alphagraphics | $ 17.31 |
| Federal Express for service of a subpoena on Kevin Hanson | $ 21.90 |
| Martinez Court Reporting for depositions of Helen Quintana and Louis Stanley Holden | $992.24 |
| Court Reporters de Santa Fe for deposition of Robert Anaya | $543.08 |
| Court Reporters de Santa Fe for deposition of Peter Herrera | $374.86 |
| Paul Baca Official Court Reporter for transcript of proceedings (Henson testimony) | $760.91 |
| Jeff Saunders: Airfare from College Station to Albuquerque | $293.90 |
| Hotel expenses | $159.32 |
| Cab fare | $ 15.00 |
| Airfare from Albuquerque to Dallas | $607.70 |
| Rental car - Dallas to College Station | $ 35.56 |

Based on Plaintiff's objections, Defendant withdrew portions of the request for reimbursement. Specifically, Defendant withdrew the Alphagraphic charge of $17.31; the Martinez Court Reporting deposition charges for Quintana and Holden of $992.24; the Court Reporters de Santa Fe deposition of Anaya for $543.18; the Court Reporters de Santa Fe deposition of Peter Herrera for $374.86.

In its reply to Plaintiff's response to the amended cost bill [Doc. 112], Defendant acknowledged that it had not received Court authorization for the transcription of Kevin Henson's testimony, but argued that the request is reasonable and that had such a request been made in a timely fashion, the Court would have authorized the transcription. Defendant contended that the transcript was necessary for use in closing argument to point out inconsistencies in Henson's testimony.

Finally, Defendant acknowledged that the district's local rule, D.N.M.LR-Civ. 54.2(c)(B) provides that a witness be paid the smaller of mileage from the distance of the witness's residence to court or the per diem specified by 28 U.S.C. § 1821. As the mileage from Jeff Saunders' residence in College Station, Texas to Albuquerque is 798.2 miles, and the mileage reimbursement rate set by GSA for privately owned vehicles is .485 cents per mile, the mileage rate is smaller than the per diem rate under 28 U.S.C. § 1821. Accordingly, Defendant withdrew its request for airfare in the amount of $293.90 and $607.70, respectively, for Mr. Saunders, as well as withdrew its request for $15.00 in cab fares and $35.56 for car rental expenses. Instead, it now sought mileage of $387.13 and a hotel reimbursement expense of $159.32.

So as to properly request these sums, on December 9, 2005, Defendant filed a Second Amended Cost Bill [Doc. 113] requesting a total reimbursement of $4,083.89. Plaintiff again filed a response [Doc. 114] objecting to the Second Amended Cost Bill. In this response, Plaintiff continued to object to the Paul Baca Official Court Reporter transcript of proceedings cost of $706.91, again stating that this transcript was not previously authorized. Additionally, Plaintiff objected to the two $40.00 witness fees sought for Jeff Saunders, one on 10-31-05, and the second one on 11-2-05. Plaintiff did not challenge the remainder of the costs sought to be taxed pursuant to Defendant's Second Amended Cost Bill.

The Court sustains Plaintiff's objections. The transcript of proceedings are not authorized under the district's local rule, D.N.M.LR-Civ. 54.2. That rule provides:

> Taxable Costs.
> (a) Transcripts. The cost of an original transcript of a court proceeding is taxable when requested by a party and authorized by the Court before transcription.

The rule is plain on its face. Before the Court will assess an original transcript as a taxable cost, the

5

party must have requested the transcript and the Court must have authorized the cost prior to the time the transcript is made. In this case, Defendant concedes that no request was made, but asserts it is likely the Court would have approved the request had it been made. While that may well have been true, the fact remains that the request was not made and it was not approved by the Court before the costs were incurred. The Court declines to award Defendant $760.91 for the Paul Baca transcript cost.

Secondly, it does appear that two $40.00 witness fees were assessed for Jeff Saunders--on October 31, 2005, and on November 2, 2005. It is possible that one witness fee represented a deposition charge and the other Saunders' courtroom appearance. If that is not the case and both fees relate to Saunders' courtroom testimony, then only one witness fee may be charged.

The Court will require Defendant to communicate with Plaintiff on this extra witness fee. If Defendant can provide Plaintiff with documentation showing that one witness fee was attributed to a deposition fee as opposed to the trial, the Court will order it taxed as a legitimate cost. If it represents two witness fees for trial, the Court will only authorize one witness fee.

In sum, the Court authorizes Defendant to recover the following costs from Plaintiff:

1. Court Reporters de Santa Fe - deposition of Michael Martinez-White in the amount of $1,160,81;

2. Malstrom's Process Serving Co. - deposition witness fee and service of subpoena for Kevin Henson in the amount of $132.00;

3. Federal Express to Malstrom's Process Serving Co. - service of subpoena on Kevin Henson in the amount of $21.90;

4. Carr Court Reporting - deposition of Kevin Henson in the amount of $806.20;

5. Court Reporters de Santa Fe - deposition of Thomas A. Jimenez in the amount of $355.07;

6. Jeff Saunders - witness fee in the amount of $40.00;

7. Jeff Saunders - hotel during trial testimony, Courtyard Marriott in the amount of $159.32;

8. Jeff Saunders - mileage from College Station Texas to Albuquerque (798.2 miles x 48.5 cents per mile) in the amount of $387.13;

9. Helen Quintana - witness fee $40;

10. Helen Quintana - round-trip mileage from Pecos, New Mexico to Albuquerque (162.6 miles x 48.5 cents per mile) in the amount of $78.86;

11. Diane Garrity - witness fee $40; and,

12. Diane Garrity - round-trip mileage from Santa Fe, New Mexico to Albuquerque (127.2 miles x 48.5 cents per mile) in the amount of $61.69.

The total amount awarded to Defendant for costs is $3,282.98.

In the event the second Saunders' witness fee is for a deposition, the Court will authorize an additional $40.00.

IT IS SO ORDERED.

_____
Lorenzo F. Garcia
Chief United States Magistrate Judge